UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| IN RE: THE MATTER OF | ) | |
| | ) | CASE NO. 1:25-bk-10562 |
| Union Institute & University | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | Judge Beth A. Buchanan |

**MOTION FOR RELIEF FROM
STAY TO PURSUE INSURANCE PROCEEDS AND ABANDONMENT OF
INSURANCE PROCEEDS**

COMES NOW Diane Richard-Allerdyce, Karen Baird, Carol Barrett Sargent, Sarah Bergh, Nancy Boxill, Gregory Luke Chwala, Daniel Diaz, Debby Flickinger, Elden Golden, Daniel G. Ogbaharya, Matthew N. Pappathan, Linwood Rumney, Woden Teachout, Yulia Tolstijov-Mast, Chris Voparil, Charlotte Thornton, Robert Cotter, Tracy Neher, Mary Amos, Frances Carter, Nicki Black, Brian Dragoo, Jonina Anderson Lopez, Ana Ines-Hernandez, Amy Obszarski, Jennifer Raymond, Theresa Warren, Katrian Bales, Susan Grace, Covia Boyd, Adam Wickert, Kathryn Class *et. al.* ("Teacher Claimants I"), and Alexis Sanchez, Ami Bryant, Andrew Harsh, Beryl Watnick, Ciana Jones, Corina Smith, Crystal Powell, Cynthia Blocksom, Daneesha Tillman, David McDonnell, David Verdonck, Dr. Roland Pandolfi, Jennifer Rothrock, Julia Crandall, Karen Walsh, Kongpheng Yang, Laura Wright, Lawrence Hibbert, Linda Smith, Lisette Rodriguez, Loree Miltich, Marjorie Williams-Cooper, Mary Miller, Bonnie Hipp, Michael Simanga, Michelle Kefford, Monique Skinner, Nadine Wheat, Patrick Penney, Paul Brugman, Pearllene Ford, Rachel Daigle, Renee Cave, Robert Knight and Terri Mendoza ("Teacher Claimants II"), and Jasmine Thomas, Ana Ramos, Megan Efseaff, Sara Kipp, Kevin Daniels, Jennifer Rothrock, Elizabeth Hilton, Chelsea Mannion and Vanessa Tortora, ("Student Claimants") and Thomas Wesley Frederick and such other unnamed but qualifying claimants file

their Motion for Relief From Stay to Pursue Insurance Proceeds and Abandonment of Insurance Proceeds ("Motion") pursuant to 11 U.S.C. §§ 362 and 554, Federal Rules of Bankruptcy Procedure 4001 and 6007; LBR 4001-1, 9013-1, and 9013-3 (collectively Teacher Claimants I, Teacher Claimants II, Student Claimants and Thomas Wesley Frederick and such other unnamed but qualifying claimants are referred to collectively as the "Claimants"). In support of their Motion, Claimants would show the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 §§ U.S.C. 157 and 1334. This is a core proceeding under 28 § U.S.C. 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. Teacher Claimants I initiated Cause No. 1:23-CV-00796 in the United States District Court for the Southern District of Ohio on or about December 5, 2023 ("Action I"). A true and exact copy of the complaint filed in Action I is attached hereto, made a part hereof and marked Exhibit "A".

3. Student Claimants initiated Cause No. 1:24-CV-00334 in the United States District Court for the Southern District of Ohio on or about June 20, 2024 ("Action II"). A true and exact copy of the complaint filed in Action II is attached hereto, made a part hereof and marked Exhibit "B".

4. Teacher Claimants II initiated Cause No. 1:25-CV-00170 in the United States District Court for the Southern District of Ohio on or about March 18, 2025 ("Action III"). A true and exact copy of the complaint filed in Action III is attached hereto, made a part hereof and marked Exhibit "C".

5. Actions I, II and III were filed against Union Institute & University (the "Debtor") and also against Defendants Edgar L. Smith, Jr., Dr. Jeffrey M. Shepard, Donald Feldmann, Roger

Allbee, Karen Biestman, Dr. Gladys Gosset Hankins, Dr. Edwin C. Marshall, Christine Van Duelman, and Dr. Karen Schuster Web ("Individual Defendants") (collectively the Debtor and the Individual Defendants will be referred to as "Defendants" and Actions I, II and III will be referred to as the Actions ).

6. The Defendants are identical in Actions I, II and III.

7. Individual Defendants, Edgar L. Smith, Jr., Dr. Jeffrey M. Shepard, Donald Feldmann, Roger Allbee, Karen Biestman, Dr. Gladys Gosset Hankins, Dr. Edwin C. Marshall, Christine Van Duelman, are members of the Debtor's Board of Trustees.

8. Individual Defendant, Dr. Karen Schuster Webb, was the Dean of Union Institute & University.

9. Among other matters, Teacher Claimants I and II allege that they were employed by the Debtor during the 2023 calendar year and many into 2024, pursuant to both written and verbal employment contracts with the Debtor.

10. Teacher Claimants I and II allege that they did not receive timely payments or benefits for work performed for the Debtor beginning as early as December 2022 and that as of July 2023 and later they assert that they did not receive any payment or benefits for work performed on behalf of the Debtor.

11. Teacher Claimants I and II further alleged that they continued to work without payment, did not seek employment elsewhere in reliance on promises made by the Defendants, and sought medical treatment and other care that they believed would be covered by health insurance provided through their employment with the Debtor.

12. Teacher Claimants I and II further alleged that many of them had insurance premiums deducted from their wages in early and mid-2023 for insurance that was retroactively revoked and were also locked out of their HSA accounts.

13. The Student Claimants allege, among other things, breach of contract, promissory estoppel, tortious interference with Student Class Plaintiff's contracts, negligent misrepresentation, gross negligent conduct, etc. related to failure to remit reimburse student loans in excess of tuition, etc.

14. The Debtor retained insurance coverage for Educators Legal Liability and Employment Practices Liability with Indiana Harbor Insurance Company under policy number ELL0950761-05 (the "Policy"). A true and exact copy of the Policy is attached hereto, made a part hereof and marked Exhibit "D".

15. Pursuant to the Insuring Agreement A.2, the Policy has a maximum limit of liability of $5,000,000 each claim and in the aggregate. The Policy also carries a $50,000 retention for each such claim. The Policy also provides the Defendants' cost of defense coverage. The Policy also provides Director & Officer (D & O) liability coverage.

16. On March 14, 2025 the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

17. The Debtor filed a Notice of Pending Bankruptcy in the three (3) Actions.Teacher Claimants I, Teacher Claimants II and Student Claimants' claims in the aggregate are all covered by the Policy and not anticipated to exceed its limits. The Claimants asserts that they are entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) for the following reasons:

    a) The Policy and proceeds thereof are not property of the bankruptcy estate;

b) The Claimants will seek primary recovery against available proceeds of the Policy;

c) The Policy provides Defendants with cost of defense coverage and the assets of the estate are not jeopardized by the cost of defending the lawsuit;

d) The Claimants believe the aggregate damages total can be satisfied by the $5,000,000 Policy limits;

e) The Claimants have claims against common Defendants and a continued stay against the Debtor prejudices the interests of the Claimants in the Actions;

f) The Claimants potential reimbursement from insurance proceeds reduces the amount of the outstanding claims against the bankruptcy estate and may increase the amount available to pay other creditors of the bankruptcy estate; and,

g) Lifting the automatic stay to allow pursuit of insurance proceeds reduces piecemeal litigation and advances judicial economy.

## MEMORANDUM

The Public Officials and EPL Policy limits are $5,000,000.00 for any judgment against the Defendants. The Defendants also enjoy cost of defense coverage. The Claimants maintain that the aggregate damages total can likely be satisfied by the $5 million dollar policy limits. Thus, Debtor's assets are not jeopardized by a judgment rendered in the Action nor are they jeopardized by the costs of defending it.

"A debtor's right to turnover of the insurance policy's proceeds… is limited by the contractual provisions within that policy." *In re Camall Co.,* 2001 WL 897441, at *406 - 407 (6th

5

Case 1:25-bk-10562 Doc 28 Filed 04/16/25 Entered 04/16/25 15:17:11 Desc Main
Document Page 6 of 8

Cir. 2001) citing *In re Jones*, 179 B.R. 450, 455 (Bankr. E.D. Pa. 1995). Moreover, here, the contractual provisions of the Public Officials and EPL Policy states, "we will not be relieved of any of our obligations under this policy by the bankruptcy or insolvency of an insured." *See* Exhibit D at p. 16. Debtor purchased the Policy during the course of litigation, and the Policy remains active as of the filing date of this Motion. Regardless of Defendant Union's insolvency, its $5 million dollar Policy is likely more than the sought-after damages in this lawsuit and thus has no impact on Defendants' assets. Further, Courts have previously agreed that:

> "[t]he overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim. When a payment by an insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate."

*In re MCSi, inc.*, 371 B.R. 270, *274 (S.D. Ohio 2004) quoting *In re Sunbeam Securities Litigation,* 261 B.R. 534, 537 n. 2 (S.D.Fla.2001). *See also In re Youngstown Osetopathic Hosp. Ass'n*, 271 B.R. 544, 548 - 549 (N.D. Ohio 2002) citing *Houston v. Edgeworth*, 993 F.2d 51, 55 (5th Cir. 1993)(stating that "when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Id.* at 56 (footnote omitted).

In this case, Debtor's Policy provides coverage for both defense costs and potential losses associated with the litigation as well as D & O coverage. Importantly, this means that no assets of bankruptcy estate will be used to fund the defense of this case or satisfy any potential damages. The Policy fully covers these expenses, given that the policy limit likely exceeds the damages in this litigation, and the financial burden of defending this case is entirely borne by the insurer. Indeed, Debtor is not entitled to retain ownership of these proceeds, as they will be paid directly to defense counsel and, if successful, to Claimants. As such, the insurance proceeds

should not be considered part of the bankruptcy estate, as they are not for the pecuniary benefit of Debtor's estate.

In addition, the Claimants are the sole parties covered by the Policy, as they are the only ones with active lawsuits filed against the Defendants. The funds will not come out of the bankruptcy estate assets thereby protecting, if not potentially enhancing the recovery, of other creditors of the bankruptcy estate from other available assets. Therefore, Defendants' Policy cannot be considered an asset that affects the bankruptcy estate and should not be regarded as part of its property.

## PRAYER FOR RELIEF

WHEREFORE, the Claimants as set forth above, by their counsel, respectfully request that they be granted relief from the automatic stay and that they may pursue the insurance proceeds under the Policy described herein and that those insurance proceeds be abandoned from the bankruptcy estate pursuant to 11 U.S.C. §§ 362(d)(1) and 554, so that the Claimants may pursue their Actions to conclusion; and further request that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) be waived; and for any and all other relief deemed just and proper in the premises.

Respectfully submitted,

Dated: April 16, 2025

/s/Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent St., Suite 210
Columbus, Ohio 43219
(P) 614 221-4221
(F) 614-744-2300
(E) bderose@barkanmeizlish.com
(E) acaplan@barkanmeizlish.com

**Attorneys for Claimants**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and exact copy of the above and foregoing has been served on the following parties, by deposit in the United States mail, postage pre-paid, or by electronic submission, on April 16, 2025:

Thomas R Allen
allen@aksnlaw.com

James A Coutinho
coutinho@asnalaw.com

Richard K Stovall
stovall@asnalaw.com

Eileen K Field
eileenfield.trustee@fuse.net

Office of the US Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202

                                                */s/Robert E. DeRose*
                                                Robert E. DeRose